UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CELGARD, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>SHENZHEN SENIOR TECHNOLOGY MATERIAL CO. LTD. (US) RESEARCH INSTITUTE, et al.,<br><br>    Defendants. | Case No. 19-cv-05784-VKD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUBSTITUTED SERVICE**<br><br>Re: Dkt. Nos. 17, 34 |

  Plaintiff Celgard, LLC ("Celgard") filed this patent infringement action on September 16, 2019. Defendants are Shenzhen Senior Technology Material Co. Ltd. ("Senior-China") and Shenzhen Senior Technology Material Co. Ltd. (US) ("Senior-US"). According to defendants, Senior-China is a publicly traded Chinese corporation, and Senior-U.S. is a California corporation and subsidiary of Senior-China. Dkt. No. 30 at ECF 6-7.

  Celgard now moves for an order for "substituted service" under Rule 4(f)(3).[1] Specifically, Celgard asks that the Court not only permit defendants to be served via their U.S. counsel, Latham & Watkins LLP, but also retroactively deem service to be effective as of September 17, 2019 when Celgard emailed a copy of the complaint and summons to counsel at the Silicon Valley office of another law firm, Ropes & Gray LLP.[2]

---

[1] The present motion is a non-dispositive matter that does not require the full consent of all parties under 28 U.S.C. § 636. *See, e.g., Carrico v. Samsung Elecs., Co. Ltd.*, No. 15-cv-02087-DMR (N.D. Cal., May 10, 2016). Although Celgard requested that its motion be briefed and heard on shortened time, the Court denied that request for lack of good cause. Dkt. No. 22.

[2] Celgard also subsequently sent a copy of the complaint and summons to Ropes & Gray via Federal Express. Celgard says it initially attempted service on Ropes & Gray based on some involvement that firm reportedly had in connection with settlement discussions in another patent

After the present motion was filed, Celgard filed a proof of service with respect to Senior-U.S. Dkt. No. 29. Celgard and Senior-U.S. have since stipulated that Senior-U.S. may have an extension of time to November 21, 2019 to respond to Celgard's complaint. Dkt. No. 32. Celgard's pending motion for alternate service therefore is deemed moot as to Senior-U.S.

As for Senior-China, the dispute over alternate service remains unresolved. The United States and China are signatories to the Hague Convention, which provides a means of effecting service of process in this matter. However, the parties' respective papers indicate that the timing and manner of service are not the focus of their ongoing disagreement. Indeed, Senior-China is willing to waive formal service of process, and Celgard apparently is willing to give Senior-China until December 16, 2019 (a date proposed by Senior-China) to respond to the complaint. Dkt. No. 30 at ECF 5; Dkt. No. 33 at ECF 10, 11. In the course of negotiating a possible compromise, however, both Celgard and Senior-China sought to impose additional, extraneous conditions on one another. Senior-China required Celgard to agree to refrain from moving for preliminary injunctive relief at any time before Senior-China responds to the complaint. For its part, Celgard insisted that defendants waive their right to proceed before a district judge appointed under Article III of the U.S. Constitution, and instead consent to the jurisdiction of a magistrate judge for all proceedings in this matter, including trial. The parties apparently are now before the Court because they could not reach agreement on their respective proposed additional terms.

The Court offers no comment on the parties' additional conditions, except to say that they have no bearing on the present motion. The sole question presented is whether the Court should permit Senior-China to be served by a means other than through the Hague Convention. Upon consideration of the moving and responding papers, the Court grants the motion in part and denies it in part.[3]

---

infringement action Celgard filed earlier this year, *Celgard, LLC v. Targray Technology Int'l, Inc.*, No. 5:19-cv-02401-VKD. Neither Senior-China nor Senior-U.S. were named defendants in that prior suit, and Ropes & Gray did not represent any party to that action. Ropes & Gray subsequently advised that they do not represent Senior-China or Senior-U.S. in the present action and are not authorized to accept service of process.

[3] The Court previously took the matter under submission without oral argument. Dkt. No. 22. Although the Court finds Senior-China's sur-reply unnecessary to the resolution of this matter, it

Rule 4(f) governs service of process on individuals and corporations outside the United States, and authorizes service "by any internationally agreed means of service," including through the Hague Convention. Fed. R. Civ. P. 4(f)(1); *see also* Fed. R. Civ. P. 4(h). Alternatively, Rule 4(f)(3) allows service "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Rule 4(f)(3) does not "create a hierarchy of preferred methods of service of process," and "service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002) (internal quotations and citation omitted). Rather, the rule "is merely one means among several which enables service of process on an international defendant." *Id*. at 1015. All that Rule 4(f)(3) requires is service (1) directed by the court and (2) not prohibited by international agreement. *Id*. at 1014. Additionally, the alternate means of service must comport with due process. *Id*. at 1016. China is a signatory to the Hague Convention, and ordinarily, should be served in that manner unless the Court, in its discretion, determines that "the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)." *Id*.

Although Senior-China points out that Celgard has not yet attempted service under the Hague Convention, as noted above, Rule 4(f) does not prefer or require service by other means. *Rio Properties, Inc.*, 284 F.3d at 1015 ("[N]o language in Rules 4(f)(1) or 4(f)(2) indicates their primacy, and certainly Rule 4(f)(3) includes no qualifiers or limitations which indicate its availability only after attempting service of process by other means."); *see also In re LDK Solar Sec. Litig.*, No. C07-05182 WHA, 2008 WL 2415186, at *2 (N.D. Cal. June 12, 2008) ("Significantly, [Rule] 4(f)(3) stands independently of [Rule] 4(f)(1); it is not necessary for plaintiffs to first attempt service through 'internationally agreed means' before turning to 'any other means not prohibited by international agreement.'") (quoting Rule 4(f)(1), (3)).

Celgard proposes to serve Senior-China through its U.S. counsel and seeks retroactive permission to serve Ropes & Gray through the September 17 email Celgard sent to that firm. The Court declines to retroactively authorize the September 17 email, which was sent before Celgard

---

has considered that filing, as well as Celgard's opposing papers. Dkt. Nos. 34, 35.

sought leave to do so. *Brockmeyer v. May*, 383 F.3d 798, 806 (9th Cir. 2004) (stating that plaintiffs "must obtain prior court approval for the alternative method of serving process.").

While Senior-China argues that service through email or Federal Express is not allowed without prior court approval, Senior-China does not contend that service on its U.S. litigation counsel at Latham & Watkins through such means is prohibited by the Hague Convention or any other international agreement. Rather, Senior-China argues that the circumstances of the present action do not support alternate service at all.

Celgard's justification for alternate service is weak. Celgard makes an unsupported claim that service through the Hague Convention will be too cumbersome and costly. Generally, the fact that alternate service will be faster does not, by itself, justify service by alternate means. *Keck v. Alibaba.com, Inc.*, 330 F.R.D. 255, 259 (N.D. Cal. 2018). Nor has Celgard convincingly demonstrated that there is any particular urgency in this matter.

At the same time, however, Senior-China indisputably already has actual notice of this action. Indeed, both defendants have been actively communicating with Celgard and acting in this litigation through their counsel at Latham & Watkins. As noted above, Senior-U.S. has been served. Permitting alternate service as to Senior-China therefore will ensure that this matter will be able to proceed without undue delay. Accordingly, the Court authorizes service via email and Federal Express on Latham & Watkins, Senior-China's U.S. counsel in this litigation. Celgard shall proceed to effect such service forthwith, and in any event, no later than November 4, 2019. The Court finds that, under the circumstances presented, these means of service comport with due process. *See Juicero, Inc. v. iTaste Co.*, No. 17-cv-01921-BLF, 2017 WL 3996196, at *3 (N.D. Cal. June 5, 2017) (finding that alternate service was reasonably calculated to apprise defendants of the pending action where the defendants were already in contact with plaintiff through their U.S.-based legal counsel). Senior-China shall have until December 16, 2019 to respond to the

complaint.

**IT IS SO ORDERED.**

Dated:  October 28, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge