LATHAM & WATKINS LLP
  Kevin C. Wheeler (Bar No. 261177)
*kevin.wheeler@lw.com*
140 Scott Drive
Menlo Park, CA 94025
T: (650) 328-4600 | F: (650) 463-2600

  Gregory K. Sobolski (Bar No. 267428)
*gregory.sobolski@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California  94111
T: (415) 395-8035 | F: (415) 395-8095

Attorneys for Defendants Shenzhen Senior Technology Material Co. Ltd. (US) Research Institute, and Shenzhen Senior Technology Material Co. Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CELGARD, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SHENZHEN SENIOR TECHNOLOGY MATERIAL CO. LTD. (US) RESEARCH INSTITUTE, AND SHENZHEN SENIOR TECHNOLOGY MATERIAL CO. LTD.,<br><br>Defendants. | CASE NO. 5:19-cv-5784-JST<br><br>**DEFENDANTS SHENZHEN SENIOR TECHNOLOGY MATERIAL CO. LTD. AND SENIOR SHENZHEN SENIOR TECHNOLOGY MATERIAL CO. LTD. (US) OPPOSITION TO CELGARD, INC.'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

1   Plaintiff Celgard, Inc.'s ("Celgard") second Motion for a Temporary Restraining Order and Preliminary Injunction, like its first motion, should be denied. As primary support for its motion, Celgard claims that Shenzhen Senior Technology Material Co. Ltd. (US) ("Senior US") is dissolving in order to "transfer asserts" and "destroy critical evidence." That is wrong, and the origins of Celgard's latest motion are illuminating. On November 11, 2019, in a good faith effort to avoid senseless waste of resources and burdening the Court with unnecessary motion practice, counsel for Senior US sent Celgard a letter attaching a sworn declaration stating that Senior US ████████████████████████████████████████████████████████████████████ ████████████ Declaration of Kevin Wheeler at ¶ 2; Dkt. No. 60-12 ¶¶ 14, 16-20. The declaration further states that Senior US has not ████████████████ an initial funding of $1 million. ████████████████████████ *Id.* Prior to this litigation, Senior US ████████ ████████████████████████████████████████████ *Id.* ¶¶ 7-8, 12-14. Given these facts, Senior US requested that Celgard withdraw its claims against Senior US. Wheeler Decl. ¶ 2. To allay any concern that Senior US would attempt to conduct business in the future, Senior US stated in its declaration that it planned to ████████████████████████████████████████ ████████████ Dkt. No. 60-12 ¶¶ 7-8, 12-14.

In response to Senior US's request, Celgard informed Senior US that it was "evaluating [Senior US's] request and will fully respond … once our investigation is complete." Wheeler Decl. ¶ 3. But instead of responding to Senior US's request or attempting to meet and confer with Senior US about any concerns, Celgard rushed to file its tactical and unnecessary motion for temporary restraining order and preliminary injunction.

Had Celgard bothered to respond to Senior US's letter and/or meet and confer, it would have learned that Senior US is willing to stipulate that it will not dissolve during the pendency of this lawsuit. And although Senior US ████████████████████████████████████████ ████████████ *prior* to Celgard filing suit, Senior US will nevertheless preserve any minimal assets remaining in its possession, including any documents in accordance with its discovery obligations. In view of these facts, there is no urgency and no basis for a TRO. There also is no basis in law or fact for Celgard's request for a bond, let alone a $100 million dollar bond. Indeed,

1  Celgard does not dispute any fact in Senior US's sworn declaration about Senior US's ▓▓
2  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Nor has Celgard cited anything
3  else—no law and no facts—to support its astounding request.
4     Senior US respectfully requests that the Court (i) deny Celgard's Motion for a Temporary
5  Restraining Order, and (ii) order the parties to meet and confer within the next two weeks on the
6  remaining issues raised in Celgard's motion in an attempt to resolve those issues without Court
7  intervention.

10  Dated: November 21, 2019                Respectfully submitted,

11                                          LATHAM & WATKINS LLP

12                                          */s/ Kevin Wheeler*
13                                          Kevin C. Wheeler (Bar No. 261177)
                                            Gregory K. Sobolski (Bar No. 267428)

14                                          *Attorneys for Defendants Shenzhen Senior*
15                                          *Technology Material Co. Ltd. (US) Research*
                                            *Institute, and Shenzhen Senior Technology*
                                            *Material Co. Ltd.*