LATHAM & WATKINS LLP
  Kevin C. Wheeler (Bar No. 261177)
kevin.wheeler@lw.com
140 Scott Drive
Menlo Park, CA 94025
T: (650) 328-4600 | F: (650) 463-2600

  Gregory K. Sobolski (Bar No. 267428)
gregory.sobolski@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California  94111
T: (415) 395-8035 | F: (415) 395-8095

Attorneys for Defendants Shenzhen Senior Technology
Material Co. Ltd. (US) Research Institute, and
Shenzhen Senior Technology Material Co. Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CELGARD, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SHENZHEN SENIOR TECHNOLOGY MATERIAL CO. LTD. (US) RESEARCH INSTITUTE, AND SHENZHEN SENIOR TECHNOLOGY MATERIAL CO. LTD.,<br><br>Defendants. | CASE NO. 4:19-cv-5784-JST<br><br>**DEFENDANT SHENZHEN SENIOR TECHNOLOGY MATERIAL CO. LTD.'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(2) FOR LACK OF PERSONAL JURISDICTION**<br><br>Date: January 29, 2020<br>Time: 2:00 pm<br>Place: Courtroom 6<br>Judge: Judge Jon S. Tigar |

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF THE ISSUES | 1 |
| III. | FACTUAL BACKGROUND | 2 |
| | A.   Senior Is A Chinese Corporation With No Presence In California | 2 |
| | B.   Plaintiff's Claims Do Not Arise From Any Senior Activities in California | 2 |
| IV. | LEGAL STANDARDS | 3 |
| V. | ARGUMENT | 4 |
| | A.   There Is No Specific Personal Jurisdiction | 4 |
| |     1.   Plaintiff's Patent Infringement Allegations Do Not Arise Out Of Any Activities that Senior Purposefully Directed at California | 4 |
| |     2.   Plaintiff's Trade Secret and State Law Allegations Do Not Arise Out of Any Activities that Senior Purposefully Directed at California | 5 |
| |     3.   Jurisdiction in California Is Not Reasonable or Fair | 7 |
| | B.   There Is No General Personal Jurisdiction Over Senior | 9 |
| |     1.   Senior Lacks Continuous, Systematic Contacts With California | 9 |
| |     2.   Senior and Senior-US Are Not Alter Egos | 11 |
| VI. | CONCLUSION | 12 |

# TABLE OF AUTHORITIES

### CASES

*Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*,
  94 F.3d 586 (9th Cir. 1996), *supplemented*, 95 F.3d 1156 (9th Cir. 1996) ........................... 11

*Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*,
  551 F.2d 784 (9th Cir. 1977) ................................................................................................ 3

*Asahi Metal Indus. Co. v. Superior Court of Cal., Solano Cty.*,
  480 U.S. 102 (1987) ................................................................................................... 3, 7, 8

*Avocent Huntsville Corp v. Aten Int'l Co.*,
  552 F.3d 1324 (Fed. Cir. 2008) ............................................................................................ 4

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985) ......................................................................................................... 4, 7

*Celgard, LLC v. LG Chem, Ltd.*,
  624 F. App'x 748 (Fed. Cir. 2015) ....................................................................................... 1

*Core-Vent Corp. v. Nobel Indus. AB*,
  11 F.3d 1482 (9th Cir. 1993) ............................................................................................ 7, 9

*CYBERsitter, LLC v. People's Republic of China*,
  No. CV 10-38, 2010 WL 4909958 (C.D. Cal. Nov. 18, 2010) ............................................. 9

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ........................................................................................................... 11

*Elecs. For Imaging, Inc. v. Coyle*,
  340 F.3d 1344 (Fed. Cir. 2003) ............................................................................................ 3

*Ferrigno v. Philips Elecs. N. Am. Corp.*,
  No. C-09-03085 RMW, 2010 WL 2219975 (N.D. Cal. June 1, 2010) ............................... 12

*Genentech Inc. v. JHL Biotech, Inc.*,
  No. 18-cv-06582-WHA, 2019 WL 1045911 (N.D. Cal. Mar. 5, 2019) ................................ 6

*Grober v. Mako Prod., Inc.*,
  686 F.3d 1335 (Fed. Cir. 2012) ............................................................................................ 3

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
  466 U.S. 408 (1984) ............................................................................................................. 4

*HollyAnne Corp. v. TFT, Inc.*,
  199 F.3d 1304 (Fed. Cir. 1999) ............................................................................................ 5

*Hong Kong uCloudlink Network Tech. Ltd. v. SIMO Holdings Inc.*,
   No. 18-cv-05031-EMC, 2019 WL 331161 (N.D. Cal. Jan. 25, 2019) ................................... 6

*Ins. Co. of N. Am. v. Marina Salina Cruz*,
   649 F.2d 1266 (9th Cir. 1981) ............................................................................................... 8

*Int'l Shoe Co. v. Wash.*,
   326 U.S. 310 (1945) ..................................................................................................... 3, 4, 7

*Jiangsu Hongyuan Pharm. Co. v. DI Global Logistics Inc.*,
   159 F. Supp. 3d 1316 (S.D. Fla 2016) .................................................................................. 9

*King.com Ltd. v. 6 Waves LLC*,
   No. C-13-3977 MMC, 2014 WL 1340574 (N.D. Cal. Mar. 31, 2014) .................................. 9

*Kramer Motors, Inc. v. British Leyland, Ltd.*,
   628 F.2d 1175 (9th Cir. 1980) ............................................................................................. 11

*Martinez v. Aero Caribbean*,
   764 F.3d 1062 (9th Cir. 2014) ............................................................................................. 10

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
   647 F.3d 1218 (9th Cir. 2011) ............................................................................................. 10

*Menken v. Emm*,
   503 F.3d 1050 (9th Cir. 2007) ............................................................................................... 6

*NexLearn, LLC v. Allen Interactions, Inc.*,
   859 F.3d 1371 (Fed. Cir. 2017) ......................................................................................... 4, 5

*Patent Rights Prot. Grp., LLC v. Video Gaming Techs., Inc.*,
   603 F.3d 1364 (Fed. Cir. 2010) ......................................................................................... 7, 9

*Picot v. Weston*,
   780 F.3d 1206 (9th Cir. 2015) ........................................................................................... 3, 6

*Ranza v. Nike*,
   793 F.3d 1059 (9th Cir. 2015) ......................................................................................... 3, 10

*Rupert v. Bond*,
   No. 12-CV-05292-LHK, 2013 WL 5272462 (N.D. Cal. Sept. 17, 2013) .............................. 6

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ................................................................................. 3, 4, 9, 10

*Sinatra v. Nat'l Enquirer*,
   854 F.2d 1191 (9th Cir. 1988) ............................................................................................... 8

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*,
   549 U.S. 422 (2007) ............................................................................................................... 9

*Swartz v. KMPG LLP*,
    476 F.3d 756 (9th Cir. 2007) .................................................................................................. 1

*Tuazon v. R.J. Reynolds Tobacco Co.*,
    433 F.3d 1163 (9th Cir. 2006) ................................................................................................ 10

*Watson v. Societe Nationale Industrielle Aerospatiale*,
    225 F. App'x 716 (9th Cir. 2007) ........................................................................................... 11

**STATUTES**

Cal. Code Civ. Proc. § 410.10 ........................................................................................................ 3

## I. INTRODUCTION

Shenzhen Senior Technology Material Co. Ltd. ("Senior") is a Chinese corporation that lacks contacts with California necessary to support personal jurisdiction. Plaintiff's assertions to the contrary merely parrot the legal standard:

> This Court has personal jurisdiction over each of the named defendants. As alleged herein, each defendant has had continuous and systematic contacts with the State of California, has purposely directed activities at the State of California, and this action arises out of and relates to those activities. As alleged herein, each defendant's conduct occurred in California.

Complaint at ¶ 23. Such "'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KMPG LLP*, 476 F.3d 756, 766 (9th Cir. 2007). Yet Plaintiff would have this Court hale Senior into court in California—sidestepping the Hague Convention requirements for service on a Chinese company along the way (*See* Dkt. No. 36)—and issue a sweeping preliminary injunction (*See* Dkt. No. 43-02) that would crush Senior's global operations, sending a shockwave through the lithium-ion battery industry by leaving some of the world's largest battery cell manufacturers without access to Senior's key separator components or readily available substitutes. It should not. Instead, the Court should dismiss Senior for lack of personal jurisdiction and deny Plaintiff's requested preliminary injunction.[1]

## II. STATEMENT OF THE ISSUES

Whether the complaint should be dismissed as to Senior for lack of personal jurisdiction because Senior is a Chinese corporation with no physical presence or employees in California, no sales of accused product in the state, and no purportedly misappropriated manufacturing operations in the state.

---

[1] The Complaint names two defendants, (1) Shenzhen Senior Technology Material Co. Ltd. ("Senior") and (2) Senior Shenzhen Senior Technology Material Co. Ltd. (US) Research Institute ("Senior-US"). While the Complaint treats them collectively, they are distinct entities. *See* Xiao Decl. at ¶ 16. Whether there is personal jurisdiction over Senior is a threshold issue the Court must decide in order to resolve Plaintiff's motion for a preliminary injunction as to Senior. *See Celgard, LLC v. LG Chem, Ltd.*, 624 F. App'x 748, 751-52 (Fed. Cir. 2015) ("[B]ecause LG contested the district court's jurisdiction, it was legal error for the district court to issue this injunction without making any findings with respect to its jurisdiction over LG."). Senior details additional reasons to deny Plaintiff's motion in its Opposition to Plaintiff's Motion for Preliminary Injunction, to be filed shortly after this motion.

## III. FACTUAL BACKGROUND

### A. Senior Is A Chinese Corporation With No Presence In California

Plaintiff alleges that Senior "has had continuous and systematic contacts with the State of California." Complaint at ¶ 23. This allegation is conclusory and incorrect.

Senior is a Chinese corporation, with its headquarters and factories in China. Complaint at ¶ 18; Xiao Decl. at ¶ 2. It only has two physical locations elsewhere, in Japan and Germany. Xiao Decl. at ¶ 3. Senior has never owned or leased property in California. *Id*. at ¶ 5. Senior is not registered to do business in California. *Id*. Senior has no employees, officers, or directors who live or work in California. Xiao Decl. at ¶ 6. Senior has no sales representatives or distributors who are located in—or focused exclusively on—California or the U.S. *Id*. at ¶ 8. Senior does not advertise in California (or in the U.S. at all). *Id*. at ¶ 4. Senior's website is accessible worldwide, but cannot be used to make orders or purchases. *Id*. at ¶ 7.   REDACTED

*Id*. at ¶¶ 14-15. Senior has never participated in any trade shows, conferences, or any other event in California. *Id*. at ¶ 14.

Plaintiff's allegations conflate Senior and its California subsidiary, Senior-US, but the two companies are separate entities. *Id*. at ¶ 16.   REDACTED

*Id*. at ¶¶ 17-18. Senior-US is not involved in the sales of Senior's products. *Id*. at ¶¶ 21-22. In fact, REDACTED (Dkt. No. 61-3 at 1-2.)

REDACTED

(*See* Dkt. No. 61-3 at 1-2.)

### B. Plaintiff's Claims Do Not Arise From Any Senior Activities in California

Plaintiff alleges patent infringement and a cluster of trade secret and state law claims that center around allegations of misappropriation of trade secrets.

1    Plaintiff's claims of patent infringement do not involve California.    REDACTED

3    Xiao Decl. at ¶¶ 9-12.  Nor does Senior have any operations in California that could commit patent infringement in any other way.   Xiao Decl. at ¶¶ 5-6.

Plaintiff's claims of misappropriation similarly involve no California conduct.  Senior's manufacturing activities—on which Plaintiff's allegation of misappropriation appears to focus—take place exclusively in China.  Xiao Decl. at ¶ 2.

## IV.    LEGAL STANDARDS

"The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Asahi Metal Indus. Co. v. Superior Court of Cal., Solano Cty.*, 480 U.S. 102, 114 (1987).  "[W]here the personal jurisdictional inquiry is intimately involved with the substance of the patent laws, … Federal Circuit law" applies.  *Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1348 (Fed. Cir. 2003).  Otherwise Ninth Circuit law governs.  *Id.*  Plaintiff "bears the burden of establishing that [personal] jurisdiction is proper." *Ranza v. Nike*, 793 F.3d 1059, 1068 (9th Cir. 2015) (citation omitted); *see also Grober v. Mako Prod., Inc.*, 686 F.3d 1335, 1346 (Fed. Cir. 2012).  Accordingly, Plaintiff is "obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977).  Plaintiff may not "simply rest on the bare allegations of its complaint," and must "make a prima facie showing of jurisdictional facts." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citation omitted); *see also Elecs. For Imaging*, 340 F.3d at 1348.

Under Federal law and California's long-arm statute, the personal jurisdiction analysis is "whether exercising jurisdiction comports with due process." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015); *see also* Cal. Code Civ. Proc. § 410.10.  To comport with due process, Plaintiff must show that Senior has at least "certain minimum contacts with [California] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945).  The requisite contacts must be established

1  under one of two theories: specific or general jurisdiction. *Helicopteros Nacionales de Colombia,*
2  *S.A. v. Hall*, 466 U.S. 408, 414 (1984). There is specific jurisdiction only if Senior "purposeful[ly]
3  direct[ed]" its activities at California and the "litigation results from alleged injuries that 'arise out
4  of or relate to' those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)
5  (quoting *Helicopteros*, 466 U.S. at 414). There is general jurisdiction only if Senior has
6  "continuous and systematic" contacts with California. *Helicopteros*, 466 U.S. at 416; *see also Int'l*
7  *Shoe*, 326 U.S. at 318.

## V. ARGUMENT

### A. There Is No Specific Personal Jurisdiction

Plaintiff alleges that the Court has specific personal jurisdiction over Senior based on allegedly infringing acts in California. In order to demonstrate specific personal jurisdiction, Plaintiff must show that (1) Senior "purposefully direct[ed] [its] activities or consummate[d] some transaction with the forum or resident thereof" and (2) the claim "arises out of or relates to the defendant's forum-related activities." *Schwarzenegger*, 374 F.3d at 802 (citation omitted); *see also NexLearn, LLC v. Allen Interactions, Inc.*, 859 F.3d 1371, 1376 (Fed. Cir. 2017). Plaintiff's patent claims accuse different activity from its trade secret and state law claims, so this motion analyzes these two factors of the test separately for patent claims on the one hand and trade secret and state law claims on the other. Plaintiff cannot satisfy its burden for either of these two factors for any claim, so there is no personal jurisdiction.

#### 1. Plaintiff's Patent Infringement Allegations Do Not Arise Out Of Any Activities that Senior Purposefully Directed at California

Plaintiff cannot show that its patent allegations arise from any activity that Senior purposefully directed at California.

For claims of patent infringement, the "purposeful direction" and "arising out of" factors largely collapse into a single question: "the jurisdictional inquiry is relatively easily discerned from the nature and extent of the commercialization of the accused products or services by the defendant in the forum." *Avocent Huntsville Corp v. Aten Int'l Co.*, 552 F.3d 1324, 1332 (Fed. Cir. 2008). Thus, a defendant that does not commit any allegedly infringing activity in the forum state is not

subject to personal jurisdiction. *HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1308 (Fed. Cir. 1999) (holding that a defendant was not subject to personal jurisdiction based on a donation that does not constitute an infringing "sale"); *NexLearn*, 859 F.3d at 1377 (Fed. Cir. 2017) (holding that a defendant was not subject to personal jurisdiction based on an act that could not constitute infringement because it was taken before the patent issued).

Plaintiff's sole allegation addressing the actions relevant to specific personal jurisdiction over its patent claims states that Senior is "engaged in the business of developing, making, using, importing, offering to sell, and selling products, including coated separators and uncoated separators, to companies and institutions throughout the United States, including the State of California." Complaint at ¶ 20.  REDACTED

Xiao Decl. at ¶¶ 9-12. Nor does it have any activity in California that could constitute patent infringement otherwise. *Id.* at ¶¶ 5-6, 8.  REDACTED  a. Plaintiff will be unable to point to  REDACTED  , so it cannot establish specific jurisdiction over its patent claims. *HollyAnne*, 199 F.3d at 1308; *NexLearn*, 859 F.3d at 1377.

### 2. Plaintiff's Trade Secret and State Law Allegations Do Not Arise Out of Any Activities that Senior Purposefully Directed at California

For the remainder of its allegations, Plaintiff alleges that Senior misappropriated trade secrets under state and federal law, violated state unfair competition law, induced breach of contract, and intentionally interfered with prospective economic relations. Although Plaintiff's complaint fails to set out any specific allegations describing acts of alleged misappropriation, it suggests that these claims stem from changes that Senior made to its manufacturing process: "On information and belief, Dr. Zhang was directly involved in helping Senior ***design, develop, and devise a manufacturing process*** for the infringing separators, using Plaintiff's misappropriated trade secrets and confidential information." Complaint at ¶ 81 (emphasis added). Senior's manufacturing facilities are located entirely in China, Xiao Decl. at ¶ 2, so any Senior activity

1  relevant to this contention must have occurred in China. Plaintiff can satisfy neither the "purposeful direction" nor the "arising out of" requirement for specific personal jurisdiction related to these claims.

*First*, Plaintiff cannot allege that Senior purposefully directed its activities at California. For a defendant to have purposefully directed activities at the forum state, the defendant must have "committed an intentional act, [] ***expressly aimed at [California]***, [] causing harm that the defendant knows is likely to be suffered in" California. *Picot*, 780 F.3d at 1214 (citation omitted). Plaintiff cannot meet this requirement because it alleged no tortious conduct that Senior expressly aimed at California. Plaintiff's allegations focus on conduct related to Senior's "manufacturing" operations—which are located exclusively in China. Complaint at ¶ 81; Xiao Decl. at ¶ 2. None of these activities in China can qualify as "expressly aimed" at California.

Two recent, contrasting opinions from this District are instructive on this point. The first similarly addressed personal jurisdiction against a company for allegations that one of its employees improperly took trade secrets from his former employer. *Hong Kong uCloudlink Network Tech. Ltd. v. SIMO Holdings Inc.*, No. 18-cv-05031-EMC, 2019 WL 331161, at *4 (N.D. Cal. Jan. 25, 2019). Both the defendant and the former employer were located outside of California (in China). *Id.* That court found that the alleged "theft itself appears to have taken place in China, not California," so it had no personal jurisdiction over the claims. *Id.* Here too, the alleged activities took place in China, so there can be no personal jurisdiction in California. By contrast, a court in this District recently found personal jurisdiction in a case where—unlike here—the plaintiff specifically alleged that the defendant took trade secrets from a California corporation. *Genentech Inc. v. JHL Biotech, Inc.*, No. 18-cv-06582-WHA, 2019 WL 1045911, at *6 (N.D. Cal. Mar. 5, 2019).

*Second*, Plaintiff's claims do not "arise out of or relate to" any contacts between Senior and California. To satisfy the "arising out of" prong of the specific jurisdiction test, Plaintiff must prove that it would not have been injured "but-for" Senior's California-related activities. *See Rupert v. Bond*, No. 12-CV-05292-LHK, 2013 WL 5272462, at *16 (N.D. Cal. Sept. 17, 2013) (quoting *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007)). As discussed above, Plaintiff

does not allege that Senior committed any tortious conduct in or directed towards California. Therefore, the claims do not arise out of any California-related activities of Senior. Plaintiff cannot meet its burden in proving this prong.

As with Plaintiff's patent claims, there is also no specific personal jurisdiction for Plaintiff's non-patent claims.

### 3. Jurisdiction in California Is Not Reasonable or Fair

Even if Celgard could show sufficient contacts for specific jurisdiction in California (it cannot), there is no personal jurisdiction because it does not "comport with 'fair play and substantial justice'" to hale Senior into court in California. *Burger King*, 471 U.S. at 476 (quoting *Int'l Shoe*, 326 U.S. at 320). The evaluation of "fair play and substantial justice" involves seven factors:

> (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of the conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1487-88 (9th Cir. 1993); *see also Patent Rights Prot. Grp., LLC v. Video Gaming Techs., Inc.*, 603 F.3d 1364, 1370 (Fed. Cir. 2010) (holding jurisdiction to be unreasonable under "the seven-factor test set out by the Ninth Circuit"). No single factor is dispositive; a court must balance all seven. *Core-Vent*, 11 F.3d at 1488.

"Great care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Asahi Metal Indus.*, 480 U.S. at 115 (citation omitted). Indeed, a plaintiff seeking to hale a foreign defendant into court in the United States must meet a "higher jurisdictional threshold" than is required when a defendant is a United States resident. *Core-Vent*, 11 F.3d at 1490. Here, the exercise of jurisdiction by a California court over a foreign corporation with no meaningful operations in California, regarding conduct that occurred entirely outside of California, would be highly unreasonable.

**Purposeful Interjection:** Any contacts that Senior-China had with California were minimal and unrelated to the claims at issue. This factor therefore weighs in favor of Senior. *See*

*Ins. Co. of N. Am. v. Marina Salina Cruz,* 649 F.2d 1266, 1271 (9th Cir. 1981) ("The smaller the element of purposeful interjection, the less is jurisdiction to be anticipated and the less reasonable is its exercise.").

**Senior's Burden:** The burden on Senior of defending a case in California is severe. It is highly burdensome to force Senior-China to "traverse the distance" between its headquarters in China and the Northern District of California and "submit its dispute … to a foreign nation's judicial system" that renders its decisions in a foreign language that many Senior employees do not speak. *Asahi Metal Indus.*, 480 U.S. at 114. Indeed, the "unique burdens placed upon one who must defend oneself in a foreign legal system should have *significant weight* in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Id*. (emphasis added).

**Sovereignty:** "[L]itigation against an alien defendant creates a higher jurisdictional barrier than litigation against a citizen from a sister state because important sovereignty concerns exist." *Sinatra v. Nat'l Enquirer*, 854 F.2d 1191, 1199 (9th Cir. 1988). Plaintiff attempts to accuse conduct that occurred primarily overseas. The tortious conduct it identifies allegedly took place at Senior's manufacturing facilities in China, the large majority of Senior's sales occur in China, and the sweeping injunction it seeks would be felt primarily in China. To subject Senior to jurisdiction in the U.S. would impinge on the ability of Chinese courts to resolve disputes involving China. This impingement on Chinese sovereignty is particularly severe because Celgard also served its complaint in a way that sidesteps the Chinese legal requirements for service established in the Hague Convention. (*See* Dkt. No. 36.)

**Forum State's Interest:** California's interests in this dispute are "considerably diminished" in this case because "the plaintiff is not a California resident." *Asahi Metal Indus.*, 480 U.S. at 114. This factor therefore favors Senior. *Id.*

**Efficient Resolution of the Controversy:** There is no reason to believe that any of the witnesses or evidence in this case are located in California. Plaintiff may allege that Senior-US has relevant evidence, but that would continue to ignore Senior-US's irrelevance to Plaintiff's

1  allegations in this case.  *See supra* at 2.  It would be inefficient to resolve this dispute in California
2  given the utter lack of connections between the case and California.  *Core-Vent*, 11 F.3d at 1499.

3  ***Plaintiff's Interest in Convenient and Effective Relief:***  Plaintiff's interest in obtaining
4  relief will not be jeopardized by dismissal for lack of personal jurisdiction because it can bring its
5  trade secret claims in an appropriate forum, such as a Chinese court.  Plaintiff may also assert its
6  U.S. patent claims in any U.S. jurisdiction where it has a basis to allege that infringing acts actually
7  occur.  Federal patent law is uniform throughout the U.S., so Plaintiff's ability to assert any patent
8  claims it may have in the U.S. is not a concern under this factor.  *Patent Rights Prot. Grp.*, 603
9  F.3d at 1371.  This factor is therefore neutral.

10  ***Alternative Forum:***  Plaintiff will be unable to prove the lack of an available alternate
11  forum.  *See Core-Vent* 11 F.3d at 1490.  To the contrary, Chinese courts are available to resolve
12  its allegations that conduct taking place in China amounted to misappropriation of its trade secrets,
13  and federal courts in any jurisdiction where Plaintiff has a basis to allege infringing acts occur may
14  hear its claims of US patent infringement.  Courts in this district and elsewhere have found Chinese
15  courts to be an adequate alternative forum for litigation.  *See, e.g.*, *Sinochem Int'l Co. v. Malaysia*
16  *Int'l Shipping Corp.*, 549 U.S. 422, 435-36 (2007); *King.com Ltd. v. 6 Waves LLC*, No. C-13-3977
17  MMC, 2014 WL 1340574, at *3 (N.D. Cal. Mar. 31, 2014); *Jiangsu Hongyuan Pharm. Co. v. DI*
18  *Global Logistics Inc.*, 159 F. Supp. 3d 1316, 1329-32 (S.D. Fla 2016); *CYBERsitter, LLC v.*
19  *People's Republic of China*, No. CV 10-38, 2010 WL 4909958, at *4-5 (C.D. Cal. Nov. 18, 2010).

20  All reasonableness factors but one weigh in Senior's favor, with the remaining factor
21  neutral.  The collective weight of these factors strongly favors dismissal for lack of personal
22  jurisdiction.

23  **B.   There Is No General Personal Jurisdiction Over Senior**
24  **1.   Senior Lacks Continuous, Systematic Contacts With California**

25  Senior does not have the "continuous, systematic" contacts necessary to establish general
26  personal jurisdiction.  Because general personal jurisdiction broadly subjects the defendant to
27  personal jurisdiction for all claims against it, courts apply an "exacting standard" to assess it.
28  *Schwarzenegger*, 374 F.3d at 801.  Plaintiff must thus establish Senior's "[l]ongevity, continuity,

volume, economic impact, physical presence, and integration into the state's regulatory or economic markets." *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1172 (9th Cir. 2006). Plaintiff must establish these contacts warrant making this an "exceptional case" where general personal jurisdiction attaches over a foreign defendant. *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014). Here, Senior lacks any relevant contacts with California, let alone ones that "are 'so continuous and systematic' as to render [it] essentially at home" in the state. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (citation omitted).

Plaintiff's Complaint lacks allegations relevant to any systematic and continuous contacts. Instead, the Complaint merely alleges: "As alleged herein, each defendant has had continuous and systematic contacts with the State of California…." Complaint at ¶ 23. There are no such contacts.

The fact that Senior is incorporated and maintains its principal place of business outside of California is dispositive. The "paradigmatic locations where general jurisdiction is appropriate over a corporation are its place of incorporation and its principal place of business." *Ranza*, 793 F.3d at 1069. It is undisputed that Senior is incorporated in China—not California—and also has its principal place of business in China. Complaint at ¶ 18; *see also* Xiao Decl. at ¶ 2. That alone shows there is no general jurisdiction.

Additional facts confirm there is no general jurisdiction. Senior does not own or lease any property in California. Xiao Decl. at ¶ 5. Senior has no employees, officers, or directors who live or work in California. *Id.* at ¶ 6. It has no sales representatives or distributors who focus exclusively on California. *Id.* at ¶ 8. It does not advertise in California (or in the U.S. at all). *Id.* at ¶ 4.   REDACTED   *Id.* at ¶ 14. Courts routinely find that there is no general jurisdiction over foreign companies that have far more significant contacts. For example, the Ninth Circuit found that plaintiff fell "well short" of proving general personal jurisdiction over an out-of-state defendant that had purchased a good imported by California entities, signed contracts with choice-of-law provisions in California, and retained services by a California marketing company. *Schwarzenegger*, 374 F.3d at 801; *see also, e.g.*, *Ranza*, 793 F.3d at 1069 (holding there was no general jurisdiction over a company with 20 to 27 employees working in the forum state, an average of 47 employee trips per month to the

forum state for business meetings, contracts establishing a resident of the forum state as an agent in business arrangements, and products in stores in the forum state). Those insufficient contacts dwarf the virtually non-existent contacts here. There can be no serious dispute that Senior lacks the substantial contacts necessary for general jurisdiction.

### 2. Senior and Senior-US Are Not Alter Egos

The Complaint conflates the activities of Senior and its U.S. subsidiary, Senior-US, in an apparent attempt to impute the contacts of Senior-US to Senior. That is improper. "[T]he existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum." *Watson v. Societe Nationale Industrielle Aerospatiale*, 225 F. App'x 716, 718 (9th Cir. 2007); *see also Daimler AG v. Bauman*, 571 U.S. 117, 136 (2014) (holding it improper to "subject foreign corporations to general jurisdiction whenever they have an in-state subsidiary or affiliate"). In order to impute to Senior the contacts of its U.S. subsidiary, Plaintiff must "ma[k]e out a *prima facie* case (1) that there is such unity of interest and ownership that the separate personalities of [Senior and Senior-US] no longer exist and (2) that failure to disregard their separate identities would result in fraud or injustice." *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 591 (9th Cir. 1996), *supplemented*, 95 F.3d 1156 (9th Cir. 1996) (citation and internal quotation marks omitted).

Plaintiff does not even attempt to set out the facts required to invoke alter-ego personal jurisdiction. The Complaint lacks any mention of the relationship between Senior and Senior-US. Nor are there any facts to which Plaintiff could point to make this showing.   REDACTED

*Id.* at ¶¶ 17-18. Senior-US has no involvement in sales of Senior's products. *Id.* at ¶¶ 21-22. The relationship is virtually non-existent, and it certainly does not rise to the level required to disregard the corporate form and impute to Senior the contacts of Senior-US. *See, e.g.*, *Kramer Motors, Inc. v. British Leyland, Ltd.*, 628 F.2d 1175, 1177 (9th Cir. 1980) (refusing to impute a subsidiary's contacts even

though the parent guaranteed loans for the subsidiary, reviewed and approved the subsidiary's major decisions, placed several of its own directors on the subsidiary's board, and was closely involved in the subsidiary's pricing decisions); *Ferrigno v. Philips Elecs. N. Am. Corp.*, No. C-09-03085 RMW, 2010 WL 2219975, at *3 (N.D. Cal. June 1, 2010) (finding no alter-ego relationship between a foreign parent and its subsidiaries even when the parent was the "100% owner of the subsidiaries" and promoted itself as a single entity with the subsidiaries on its "website, in its financial statements, and in its press releases"). Thus, there is no basis to disregard the corporate form. Plaintiff has failed to allege and has failed to meet its burden to show otherwise.

## VI. CONCLUSION

For the foregoing reasons, Senior requests that the Court grant its Motion to Dismiss for Lack of Personal Jurisdiction.

Dated: December 6, 2019

Respectfully submitted,

LATHAM & WATKINS LLP

*/s/ Kevin C. Wheeler*
Kevin C. Wheeler (Bar No. 261177)
Gregory K. Sobolski (Bar No. 267428)

*Attorneys for Defendants Shenzhen Senior Technology Material Co. Ltd. (US) Research Institute, and Shenzhen Senior Technology Material Co. Ltd.*