United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELGARD, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>SHENZHEN SENIOR TECHNOLOGY MATERIAL CO. LTD. (US) RESEARCH INSTITUTE, et al.,<br><br>    Defendants. | Case No. 19-cv-05784-JST (KAW)<br><br>**CORRECTED ORDER REGARDING DISCOVERY LETTER**<br><br>Re: Dkt. No. 500 |

On June 25, 2021, the parties filed a joint discovery letter regarding Interrogatory No. 2, which requests that Plaintiff Celgard, LLC: "Identify with at least the particularity required under California Code of Civil Procedure § 2019.210 each and every piece of alleged confidential or proprietary information that You contend Counterclaim Plaintiff misappropriated from Celgard." (Discovery Letter at 1, Dkt. No. 500.[1]) Section 2019.210 states: "In any action alleging the misappropriation of a trade secret under the Uniform Trade Secrets Act . . . before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity . . . ."

In November 2020, the undersigned ruled on a similar dispute, denying Defendants' request to require Plaintiff to comply with § 2019.210. (Discovery Order, Dkt. No. 399.) First, the Court found that the presiding judge had already rejected Defendants' request to require Plaintiff to comply with § 2019.210 at a recent case management conference. (*Id.* at 1.) Second,

---

[1] On July 9, 2021, the Court issued an order regarding the discovery letter filed at Docket No. 495. (Dkt. No. 506.) The parties had re-filed that discovery letter at Docket No. 500 to include a party attestation. Accordingly, the Court's order should have been directed at Docket No. 500. The instant order makes this correction, but is otherwise the same as the order at Docket No. 506.

the Court found that Plaintiff had *not* alleged a misappropriation claim in this case; rather, Plaintiff's misappropriation claims were brought in the Western District of North Carolina. (*Id.*) The Western District of North Carolina, in turn, was (and apparently still is) deciding whether it can exercise personal jurisdiction over Defendants. (*Id.* at 2.) Thus, because Plaintiff was not alleging a misappropriation claim, § 2019.210 did not apply even though Defendants had asserted a counterclaim for a declaratory judgment in the instant case. (*Id.*) Finally, the Court found that "even if § 2019.210 applied, Defendants fail to explain why Plaintiff's provided identifications are insufficient." (*Id.*) The Court found that Plaintiff's identifications identified specific documents, and described certain systems, operating conditions, methods, equipment, manufacturing specifications, materials, and product specifications. (*Id.* at 3.)

It appears Defendants are attempting to re-litigate a matter that the Court has already adjudicated, although they do not cite any changed circumstances that would warrant a different decision. For example, they do not suggest that Plaintiff is now bringing a misappropriation claim in the instant case, or that the Western District of North Carolina has declined jurisdiction. Defendants also do not explain why this Court's prior ruling that Plaintiff's provided identifications were sufficient no longer applies. While Defendants complain that Plaintiff simply cited documents, it appears from the interrogatory response that Plaintiff provided a 42-paragraph response identifying the target values, tolerances, and limits for specific items and with specific numbers. Plaintiff then identified the documents in which such properties could be found. (*See* Dkt. No. 494-3.) It is again unclear why this is insufficient. Moreover, as Plaintiff points out, given that it is Defendants who have brought a counterclaim of no trade secret misappropriation, "they must have had in mind what trade secrets they believed they had not misappropriated." (Discovery Letter at 5.)

Accordingly, Defendants' request for a further response to Interrogatory No. 2 is DENIED.

IT IS SO ORDERED.

Dated: July 15, 2021

_____
KANDIS A. WESTMORE
United States Magistrate Judge

2