UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELGARD, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>SHENZHEN SENIOR TECHNOLOGY MATERIAL CO. LTD. (US) RESEARCH INSTITUTE, et al.,<br><br>        Defendants. | Case No. 19-cv-05784-JST<br><br>**ORDER OVERRULING DEFENDANT'S OBJECTIONS TO ORDERS FROM THE SPECIAL MASTER; AND STRIKING CELGARD'S REQUEST FOR EXPEDITED RELIEF AND NOTICE UNDER CIVIL LOCAL RULE 7-13**<br><br>Re: ECF Nos. 1050, 1084, 1094, 1102 |

Before the Court are Defendants' objections to the Special Master's May 18, 2023 order, 1050; Celgard's request for expedited relief and Civil Local Rule 7-13 notice, ECF No. 1084; Celgard's motion to strike Defendants' response to its request for expedited relief and Civil Local Rule 7-13 notice, ECF No. 1094; and Defendants' objections to the Special Master's July 5, 2023 order, ECF No. 1102. The Court will overrule Defendants' objections to the Special Master's orders; will strike Celgard's request for expedited relief and Civil Local Rule 7-13 notice; and will strike Defendants' response to Celgard's request for expedited relief and Civil Local Rule 7-13 notice.

First, Defendants "request that the Court set aside the portion of the Special Master's May 18 Order allowing Celgard to pursue additional fact discovery on 46 new discovery requests, including by filing untimely motions to compel, after the deadlines in the Scheduling Order and Local Rules." ECF No. 1050 at 5. Defendants argue that the Special Master abused his discretion and exceeded his authority because he (1) "effectively modif[ied] the March 28 fact discovery cutoff in the Scheduling Order," *id.* at 8 and (2) "modif[ied] the April 4 deadline to file motions to compel," *id.* at 9. Celgard responds that "Defendants' Objections to the Special Master's May 18

United States District Court
Northern District of California

1   Order should be overruled because they are inconsistent with the Federal Rules of Civil Procedure,

2   the law of this District, and the Court's May 8 Order itself."  ECF No. 1055 at 5.

3           Rule 26(e) of the Federal Rules of Civil Procedure provides, in relevant part, that:

4           A party . . . who has responded to an interrogatory[] [or] request for
            production . . . must supplement or correct its . . . response: (A) in a
5           timely manner if the party learns that in some material respect the
            disclosure or response is incomplete or incorrect, and if the
6           additional or corrective information has not otherwise been made
            known to the other parties during the discovery process or in
7           writing[.]

8   Fed. R. Civ. P. 26(e)(1)(A).  "There is no doubt that the duty to supplement under Rule 26(e)

9   extends beyond the discovery cutoff date."  *LD v. United Behav. Health*, No. 20-cv-02254-YGR

10  (JCS), 2022 WL 4372075, at *6 (N.D. Cal. Sept. 21, 2022); *accord Woods v. Google, Inc.*, No.

11  C11-01263-EJD (HRL), 2014 WL 1321007, at *4 (N.D. Cal. Mar. 28, 2014).  Additionally, "Civil

12  Local Rule 37-3 does not bar motions to enforce the supplementation requirement in Rule 26(e),

13  even if they are brought more than seven days after the close of discovery."  *Gamevice, Inc. v.*

14  *Nintendo Co.*, No. 18-cv-01942-RS (TSH), 2019 WL 5565942, at *3 (N.D. Cal. Oct. 29, 2019).

15          Here, as the Special Master explained, the Court "change[d] the law of the case," ECF No.

16  1043 at 3, when it held that "information about all of Defendants' separator products and the

17  Defendants' relationships with their suppliers and other related entities, including those abroad

18  . . . . is relevant to a claim of induced infringement," ECF No. 1029 at 7.  The Special Master

19  appropriately ordered the parties to meet and confer because Defendants have a Rule 26(e) duty to

20  supplement their responses to discovery that are incorrect or incomplete in light of the change in

21  the law of the case.  Accordingly, the Court overrules Defendants' objections to the Special

22  Master's May 8, 2023 order.

23          Second, Celgard filed a notice pursuant to Civil Local Rule 7-13 that requests that the

24  Court issue "an expedited direct ruling denying Defendants' objections" to the Special Master's

25  May 8, 2023 order, ECF No. 1084 at 2 (emphasis omitted), and "order Defendants to supplement

26  their responses and productions to the . . . interrogatories and requests for production by no later

27  than July 15, 2023," *id.* at 6.  Defendants respond that Celgard's notice should be stricken because

28  it "exceeds the scope of Rule 7-13" by "includ[ing] new arguments and request[ing] new relief

2

regarding Defendants' objections," ECF No. 1086 at 4, or in the alternative, should be denied on the merits, *id.* at 4–6. Celgard then filed an administrative motion to strike Defendants' response because it is (1) "it is not permitted by" Civil Local Rule 7-13 and (2) Defendants did not submit a proposed order or a declaration with the response as required by Civil Local Rule 7-11. ECF No. 1094 at 2.

Celgard's notice improperly includes arguments regarding Defendants' objections and requests that the Court issue an expedited ruling and compel Defendants to respond to discovery. *See Bamforth v. Facebook, Inc.*, No. 20-cv-09483-DMR, 2022 WL 1987858, at *7 n.9 (N.D. Cal. June 6, 2022) (striking the plaintiff's Civil Local Rule 7-13 notice that "contained additional arguments"). Accordingly, the Court strikes Celgard's notice, ECF No. 1084, and disregards Defendants' response to that notice, ECF No. 1086, as moot.[1] *See Whitsitt v. Indus. Emp. Distrib. Ass'n*, No. C 13-00396 SBA, 2014 WL 6790028, at *6 (N.D. Cal. Dec. 2, 2014) (noting "it is well settled that a court may sua sponte strike a [filing] that has not [been] filed consistent with the Court's procedural rules"); *see also Smith v. Frank*, 923 F.2d 139, 142 (9th Cir. 1991) ("For violations of the local rules, sanctions may be imposed including, in appropriate cases, striking the offending pleading.").

Finally, Defendants object to the Special Master's July 5, 2023 order denying Defendants' motion to re-depose Dr. John Zhang for two reasons: (1) "the Special Master applied the wrong legal standard by . . . requiring Defendants 'to show that there is probatively significant information uniquely in [Dr. Zhang's] possession'"; and (2) "the Special Master clearly erred by finding that Defendants failed to identify 'probatively significant information uniquely in' Dr. Zhang's possession that warrants a limited second deposition." ECF No. 1102 at 3 (emphasis omitted) (quoting ECF No. 1092 at 2). In the alternative, Defendants request that the Court "bar Celgard from eliciting testimony from Dr. Zhang about [the documents produced after Dr. Zhang's deposition] at trial" "if [it] affirms the Special Master's order" because "[i]t would be fundamentally unfair to preclude Defendants from questioning Dr. Zhang on highly probative

---

[1] The Court does not reach the question of whether the Court's local rules permit a response to a Rule 7-13 notice without leave of court.

United States District Court
Northern District of California

1   documents that Celgard belatedly produced after his deposition, yet allow Celgard to affirmatively

2   rely on those same documents to support Celgard's trade secret misappropriation claims in this

3   case." *Id.* at 4.

4           Celgard argues that the Special Master applied the correct legal standard and did not

5   clearly err because he found that Defendants failed to show that "(1) Dr. John Zhang possesses

6   unique information that cannot be obtained from another source, i.e., Celgard's 30(b)(6) designees

7   and other fact witnesses; and (2) the documents produced after Dr. John Zhang's first deposition

8   contain new information, i.e., are not cumulative or duplicative." ECF No. 1106 at 3.[2] Celgard

9   also argues that (1) while "Defendants contend that there are 40 documents at issue," they "waived

10  any argument regarding" 28 of the documents that "they failed to previously identify to Celgard or

11  the Special Master" and (2) "Defendants misrepresent the content and importance of the[]

12  documents" identified in their objections. *Id.* at 5. Finally, Celgard argues that "Defendants

13  waived any request for relief to preclude Celgard from questioning Dr. John Zhang about the

14  newly produced documents at trial because this relief has never been raised previously with the

15  Special Master" and "[t]he requested relief, of precluding Celgard from using certain documents,

16  produced within the fact discovery period, at trial has no basis." *Id.* at 6.

17          The Court concludes that the Special Master properly denied Defendants' motion to re-

18  depose Dr. Zhang. Because Dr. Zhang has already been deposed, Defendants "must obtain leave

19  of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)." Fed.

20  R. Civ. P. 30(2)(A)(ii). Granting leave to re-depose Dr. Zhang would be inconsistent with Rule 26

21  of the Federal Rules of Civil Procedure because Defendants have failed to demonstrate that a

22  subsequent deposition of Dr. Zhang would not be "unreasonably cumulative or duplicative," or

23  that the information they seek "can[not] be obtained from" another deponent. Fed. R. Civ. P.

24  26(b)(2)(C)(i). Therefore, the Court overrules Defendants' objections to the Special Master's July

25  5, 2023 order.

26

27  [2] Celgard filed two responses to Defendants' objections. *See* ECF Nos. 1105–06. ECF No. 1106
    indicates that it is a "correction" of ECF No. 1105. Accordingly, the Court references only ECF
28  No. 1106.

1    Additionally, the Court declines to consider Defendants request to "bar Celgard from

2    eliciting testimony from Dr. Zhang about [the documents produced after Dr. Zhang's deposition]

3    at trial" because the request was not presented to the Special Master.  *See Symantec Corp. v.*

4    *Zscaler, Inc.*, No. 17-cv-04426-JST, 2019 WL 8331428, at *2 (N.D. Cal. Sept. 19, 2019);

5    *Greenhow v. Sec'y of Health & Hum. Servs.*, 863 F.2d 633, 638 (9th Cir. 1988), *overruled on*

6    *other grounds by United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992))).

## CONCLUSION

8    The Court hereby orders as follows:

9    1.  The Court overrules Defendants' objections to the Special Master's May 18, 2023

10       order, ECF No. 1050.

11   2.  The Court strikes Celgard's request for expedited relief and Civil Local Rule 7-13

12       notice, ECF No. 1084.

13   3.  The Court disregards as moot Defendants' response to Celgard's request for

14       expedited relief and Civil Local Rule 7-13 notice, ECF No. 1094.

15   4.  The Court overrules Defendants' objections to the Special Master's July 5, 2023

16       order, ECF No. 1102.

17   **IT IS SO ORDERED.**

18   Dated:  August 4, 2023



_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California